UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV12-1244-AG (JPRx)** | Date | August 13, 2012 |
|---|---|---|---|
| Title | SANDRA WEAGRAFF v. EL TORO MEDICAL INVESTORS LIMITED PARTNERSHIP | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Adrianna Gonzalez | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER TO SHOW CAUSE RE REMAND RE LACK OF SUBJECT MATTER JURISDICTION**

On August 2, 2012, this action was removed to this Court under 28 U.S.C. § 1441 and 1446. But removal appears to be improper for the reason(s) opposite the boxes checked:

[ ]   Removing party has not alleged when the first defendant to be served was served.

[ ]   Removing party has not alleged which defendants have been served and which have not.

[ ]   Removing party has not alleged when each served defendant was served.

[ ]   All defendants have not joined in the notice of removal.  Generally, all served defendants must join in removal.  *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S. Ct. 854, 855, 44 L. Ed. 1055 (1900); *Parrino v. FHP, Inc.*, 146 F.3d 669, 703 (9th Cir. 1998); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV12-1244-AG (JPRx)** | Date | August 13, 2012 |
|---|---|---|---|
| Title | SANDRA WEAGRAFF v. EL TORO MEDICAL INVESTORS LIMITED PARTNERSHIP | | |

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but all plaintiffs are not diverse from all defendants. *See* 28 U.S.C. § 1332; *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

[X]   A partnership or unincorporated association is joined as a party. For diversity or alienage jurisdiction to be proper, none of the partners or members, including limited partners, can be a citizen of the same state as any opposing party. The citizenship of all the entity's partners must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-96, 110 S. Ct. 1015, 1019-21, 108 L. Ed. 2d 157 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987).

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but some of the defendants are California citizens. *See* 28 U.S.C. § 1441(b).

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, some of the parties are corporations, and the Notice of Removal does not state both their state of incorporation and principal place of business. 28 U.S.C. § 1332.

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was *not* initially removable, and the notice of removal was filed more than one year after commencement of the action. 28 U.S.C. § 1446(b); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but the matter in controversy does not appear to exceed $75,000.

[ ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of preemption but it does not appear that any of the claims are subject to complete preemption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV12-1244-AG (JPRx)** | Date | August 13, 2012 |
|---|---|---|---|
| Title | SANDRA WEAGRAFF v. EL TORO MEDICAL INVESTORS LIMITED PARTNERSHIP | | |

[ ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of the artful pleading doctrine but the claims appear to be properly pled.

Accordingly, the Court orders Defendant to show cause in writing why this action should not be remanded within 14 days of this Order. Plaintiff may submit a response within seven days of Defendant's filing. The Clerk shall serve this minute order on all parties to the action.

                                                                              :    0

                              Initials of
                              Preparer          ag